**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAURICE BERNARD MOORE,

    Plaintiff - Appellant,

v.

DANIEL L. HEBERT, former Saline
County District Judge, in his official
capacity; JULIE MCKENNA, former
Saline County District Attorney, in her
official capacity; RALPH J. DEZAGO,
former Kansas Public Defender, in his
official capacity; SALINE COUNTY,
KANSAS,

    Defendants - Appellees.

No. 24-3092
(D.C. No. 2:23-CV-02385-JAR-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.
_____

    Proceeding pro se and in forma pauperis, Maurice Bernard Moore appeals

from the district court's order dismissing his complaint against the Honorable Daniel

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

L. Hebert, Julie McKenna, Ralph Z. DeZago, and Saline County, Kansas. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

In 1986, Mr. Moore pled guilty in Kansas state court to aggravated battery

against a law enforcement officer and unlawful possession of a firearm. Ten years

later the state court granted his application for post-conviction relief and vacated his

convictions on the grounds that his guilty plea had been improperly accepted.

Specifically, the court held that Mr. Moore's trial judge had failed to ascertain

whether his plea was knowing and voluntary and had improperly relied on

Mr. Moore's signature instead of requiring him to enter his plea in open court.

Shortly thereafter, the State filed an amended information against Mr. Moore, and in

1997, he again pled guilty to charges of aggravated battery and unlawful possession

of a firearm, in addition to a concealed weapons charge. He received an

indeterminate sentence of thirty years to life imprisonment. The 1997 criminal

proceeding was presided over by defendant Hebert and prosecuted by defendant

McKenna. Defendant DeZago acted as Mr. Moore's public defender.

Ever since his 1997 conviction, Mr. Moore has been arguing that the second

prosecution violated his rights under the Double Jeopardy Clause of the Fifth

Amendment. The state court rejected this argument on direct appeal. Mr. Moore

then filed a petition for a writ of habeas corpus in federal court, which also rejected

his double-jeopardy argument. This court denied a certificate of appealability in that

case, specifically holding the double-jeopardy argument lacked merit. *See Moore v. Nelson*, 49 Fed. App'x 250, 252 (10th Cir. 2002).

Undeterred, Mr. Moore then filed this case, alleging the defendants knew that the 1997 prosecution was barred by double jeopardy but proceeded anyway in a conspiratorial effort to deprive him of his constitutional rights. His complaint asserted claims against the individual defendants under 42 U.S.C. §§ 1983 and 1985; 18 U.S.C. §§ 241 and 4 (criminal conspiracy and misprision of a felony); and 18 U.S.C. § 1589 (the criminal forced labor statute). Mr. Moore also sued Saline County, bringing what the district court construed as a failure-to-supervise claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

On the defendants' motions, and pursuant to its own obligations under 28 U.S.C. § 1915(e)(2), the court dismissed Mr. Moore's claims for lack of subject matter jurisdiction and failure to state a claim. First, the court held Mr. Moore's complaint was barred by both the *Rooker-Feldman* doctrine[1] and *Heck v. Humphrey*, 512 U.S. 477 (1994), because at bottom, all his claims were premised on a double jeopardy argument that had been uniformly rejected by every court that had examined the issue. The court went on to explain that even if it had jurisdiction, Judge Hebert and McKenna were immune from suit, and DeZago was not a state actor for purposes of § 1983. The court also noted that there is no private right of action for criminal conspiracy and misprision of a felony. And although the forced labor statute does

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

provide a civil remedy, it observed that the statute of limitations had long since run on any such claims. Finally, the court concluded Mr. Moore had failed to properly plead a *Monell* claim against the county.

This timely appeal followed.

## II. Discussion

### a. Standard of Review

We review dismissals for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) de novo. *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007) (lack of jurisdiction). Because Mr. Moore proceeds pro se, we have accorded his briefs a liberal construction and made allowances for his failure to cite proper legal authority and his confusion of certain legal principles. *See Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005). But the court does not assume the responsibility of acting as advocate for the pro se litigant in constructing arguments and searching the record. *Id.*

### b. Subject Matter Jurisdiction

The *Rooker-Feldman* doctrine says that a party who loses in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The doctrine is jurisdictional in nature. *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). For Mr. Moore this means that having lost in state court, he "cannot file a federal complaint seeking review and

reversal of the unfavorable judgment." *Mann*, 477 F.3d at 1146. That is precisely what he is attempting to do in this case. Mr. Moore's Second Amended Complaint specifically requests injunctive relief by way of an order directing Saline County to correct the records in his criminal case. The district court plainly lacked jurisdiction to issue such an order. Nor can this court consider Mr. Moore's various arguments attacking the validity of his 1997 conviction. As we explained in *Campbell*, the *Rooker-Feldman* doctrine precludes review of a claim, an element of which is "that the state court wrongfully entered its judgment." *Id.* at 1283. Here, all Mr. Moore's claims are premised on that very assertion. Accordingly, the district court correctly concluded it lacked subject matter jurisdiction and properly dismissed his complaint.[2]

The judgement of the district court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] Because the district court lacked subject matter jurisdiction over Mr. Moore's claims, we do not address its alternative bases for dismissing his complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").